

**U.S. Department of Justice**

Criminal Division
Fraud Section

---

1400 New York Avenue NW
Washington, D.C. 20530

November 18, 2011

*[Stamp: RECEIVED NOV 30 2011 AT 8:30 WILLIAM T. WALSH, CLERK]*

Paul Kemp, Esq..
Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger
33 Wood Lane
Rockville, Maryland 20850

     Re:  <u>Plea Agreement with Viable Communications, Inc.</u>

Dear Mr. Kemp:

    This letter sets forth the Plea Agreement between your client, Viable Communications, Inc.("defendant" or "Viable") and the Fraud Section of the United States Department of Justice (the "Government").

<u>Charge</u>

    Conditioned on the understandings specified below, the Government will accept a guilty plea from Viable to Count 4 of the indictment, Criminal No. 09-856 (JAP). Count 4 charges the defendant with conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349.

    If the defendant enters a guilty plea to Count 4 of the indictment and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against the defendant for actions in relation to providing Video Relay Services and submitting claims to the Federal Communications Commission from the period of July 2006 through July 2009. In addition, at sentencing, the Government shall move to dismiss Counts 1-3 and Counts 5-6 of the indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced

against defendant, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 1349, to which the defendant agrees to plead guilty, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The Government and Viable hereby agree to the following sentencing disposition:

(1) Viable shall pay a special assessment of $400 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid on the date of sentencing;

(2) Viable shall pay restitution of $20 million pursuant to Title 18, United Stats Code, Sections 3663 et seq.;

(3) Viable shall forfeit $20 million, pursuant to Title 18, United States Code, Sections 981 and 982; and

(4) Viable shall be ordered to a term of probation of at least 1 year, during which time Viable shall fully satisfy its obligations under this agreement, subject to Court supervision.

Pre-Sentence Investigation and Report

Pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), the Government and Viable agree that a presentence investigation and report by U.S. Probation is not necessary given the record in this case. The parties hereby agree to waive a presentence investigation and report.

Forfeiture

The defendant agrees that forfeiture is mandatory in this case and consents to a money judgment of $20 million. The defendant agrees that the defendant shall assist the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in the assets which the defendant has agreed to forfeit, and any other assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Government upon the Government's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. To the extent the assets are no longer within the possession and control or name of the defendant, the defendant agrees that the Government may seek substitute assets within the meaning of Title 21, United States Code, Section 853.

The defendant knowingly and voluntarily agrees to waive any claim or defense defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. Defendant further knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of said assets, waives any statute of limitations with respect to the forfeiture of said assets, and waives any notice of forfeiture proceedings, whether administrative or judicial, against the forfeited assets.

Stipulations

The Government and the defendant agree to stipulate to the statements set forth in the attached Schedule A, which hereby is made a part of this agreement. If this agreement is accepted by the Court, the provisions of Schedule A become binding on Viable and the Government.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the defendant waives certain rights to file an appeal, collateral attack, writ or motion after sentencing.

Other Provisions

This agreement is limited to the Fraud Section of the Department of Justice and cannot bind other federal, state, or local authorities.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against the defendant.

In the event that the defendant does not plead guilty or if the defendant breaches this agreement, the defendant agrees and understands that defendant thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and Rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by defendant as part of plea discussions or as part of defendant's cooperation with the government will be admissible against defendant without any limitation in any civil or criminal proceeding.

No Other Promises

This agreement constitutes the plea agreement between the defendant and the Government and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

>
> Very truly yours,
>
> Denis J. McInerney
> Chief, Fraud Section
>
>
> By:   /s/   Robert A. Zink
>       Hank Bond Walther, Deputy Chief
>       Robert A. Zink, Trial Attorney

5

    I have received this letter, including the attached Schedule A, from my attorney, Paul Kemp, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date:
John Yeh, on behalf of Viable Communications, Inc.

_____  Date:
Paul Kemp, Esq.

Plea Agreement With Viable Communications, Inc.

Schedule A

1. If the defendant breaches this agreement, the United States will be released from its obligations under this agreement. The defendant breaches this agreement if, among other things, defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the United States surrounding the relevant offense conduct and defendant's present financial condition; (b) is found to have misrepresented facts to the United States prior to entering this agreement; or (c) commits any misconduct after entering into this agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

2. The defendant voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255.

1